IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AMY BROWN, No. 22497-045,

        Petitioner,

vs.                                         CIVIL NO. 13-cv-00165-DRH

WARDEN JAMES CROSS, and
BUREAU OF PRISONS,

        Respondents.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

    Petitioner Amy Brown is currently incarcerated in the Greenville Federal Correctional Institution ("Greenville"), located within the Southern District of Illinois. Brown brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 5). She challenges the prison administration's failure to place her in a Residential Reentry Center ("RRC") and on home confinement for sufficient time leading up to her November 18, 2013, projected release date to reintegrate into society, as contemplated by the Second Chance Act of 2007, 18 U.S.C. § 3624(c). Brown also contends that her Good Conduct Time ("GCT") has been miscalculated under 18 U.S.C. § 3624(b), shortchanging her by 21 days.

    This matter is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

### 1. Guiding Legal Standards

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). Section 2241 is also available to challenge projections of Good Conduct Time. *See Preiser*, 411 U.S. at 487; *Walker v. O'Brien*, 216 F.3d 626, 635 (7th Cir. 2000). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3624(c) (the Second Chance Act,) the Bureau of Prisons (BOP) has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*

The plain language of the Act establishes that inmates are not *entitled* to the full 12 months of placement in an RRC. Section 3624(c)(1) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of

the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id.* The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

Section 3624(c)(2) further provides: "The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.*

In exercising its discretion under Section 3624(c), the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "provide the greatest likelihood of successful reintegration into the community" 28 C.F.R. § 570.22. 18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence-

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). BOP directives dictate that RRC placement decisions are to be made 17-19 months prior to the inmate's projected release date.

With respect to the calculation of GCT, 18 U.S.C. § 3624(b) provides in pertinent part that a prisoner serving a term of more than one year may receive credit toward their term of imprisonment of up to 54 days for each full year of satisfactory behavior completed, and credit for the last year or portion of a year shall be prorated.

Under the Administrative Procedures Act, courts are empowered to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. *See also Vasquez v. Strada,* 684 F.3d 431, 433 (3d Cir. 2012) (the Court's review of the BOP's RRC placement decision is limited to an abuse of discretion).

Before a court can conduct this limited review, it must address the issue of exhaustion. Concerning the requirement to exhaust administrative remedies in the Section 2241 context, the Seventh Circuit notes that there is no statutory exhaustion requirement in Section 2241. *Gonzalez v. O'Connell,* 355 F.3d 1010, 1015–19 (7th Cir. 2004) (citing *James v. Walsh,* 308 F.3d 162, 167 (2d Cir. 2002)). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992).[1]

---

[1] As the Seventh Circuit notes in *Gonzalez, McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a Bivens action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the Bureau of Prisons. However, *McCarthy's* principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs," 503 U.S. at 144, remains good law, as does its further admonitions on how that discretion should be utilized. *See, e.g., Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570–73 (5th Cir. 2001). *Gonzalez*, 355 F.3d 1010, 1016 n. 5.

Exhaustion may be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (internal quotations and citations omitted).

## 2. <u>Relevant Procedural History and Arguments</u>

Petitioner Brown was convicted in 2011 of conspiring to distribute cocaine base and methamphetamine; she was sentenced to a 36-month term of imprisonment, to be followed by a five-year term of supervised release (Doc. 5, p. 10). At this time, the Bureau of Prisons ("BOP") projects that Brown will be entitled to 141 days of GCT, making her scheduled statutory release date November 18, 2013 (Doc. 5, p. 11). Documentation attached to the petition indicates Brown is slated for placement in a Residential Reentry Center ("RRC) as of July 22, 2013, followed by release on home confinement as of August 2, 2013 (*see* Doc. 5, p. 24). Records attached to the petition reflect that Brown began her commitment on December 8, 2011 (Doc. 5, p. 10). From Brown's perspective, she should be afforded 162 days of GTC, rather than 141 days. She also asserts that she is entitled to the maximum period in a community correctional facility (12 months) and the maximum period allowable in home confinement (10 percent of her term of imprisonment), with those terms running

consecutively. Because the 12-month mark has passed, Brown now only seeks placement in an RRC 90 days prior to her placement on home confinement—meaning she should have been placed in an RRC as of May 2, 2013, which passed just days after her petition was filed.

Beginning December 1, 2012, Brown submitted multiple informal requests for reconsideration, all of which were unsuccessful (*see* Doc. 5, pp. 17-26). Brown acknowledges that she has not exhausted formal administrative remedies, due to time constraints (Doc. 5, p. 2). She contends that her unsuccessful informal efforts to secure a recalculation illustrate the futility of pursuing administrative remedies, and the prison administrations' firm position (Doc. 5, p. 2). Brown now argues that any attempt to pursue an administrative remedy at this juncture will only further delay her RRC placement (Doc. 5, p. 2).

### 3. Analysis

Delving first into whether Petitioner Brown has exhausted administrative remedies, the Court concludes that she has not done so. In this instance the Court shall not exercise its discretion to excuse exhaustion, as Brown admits that she has not attempted to pursue her formal administrative remedies before filing this petition.[2] Brown only attempted to resolve her issues by way of informal

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542. 10, *et seq*. An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, she must file a BP–9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP–10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP–11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

discussions with Warden Cross. Brown offers no more than conjecture that it would be futile to seek administrative relief.

Brown admittedly had scant time to challenge the GCT calculation and to seek an earlier RRC release date. However, Brown could have at least filed a BP–9 or otherwise sought an expedited administrative appeal. She has not indicated that the administrative process was unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002). Without any attempt to initiate an administrative remedy beyond an informal request, Brown has left this Court with nothing more than her own allegations and speculation in support of her petition. Under these circumstances, Brown's failure to exhaust administrative remedies prior to filing her Section 2241 petition is not excused.

### 4. Disposition

For these reasons, the Court **DENIES** the petition (Doc. 5) and **DISMISSES** Brown's claims **without prejudice** for failure to exhaust.

**IT IS SO ORDERED.**

**DATED: May 28, 2013**

Digitally signed by David R. Herndon
Date: 2013.05.28 10:25:35 -05'00'

**Chief Judge**
**United States District Court**